IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |  | |
|---|---|---|---|
| KABOB PALACE, LTD., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| v. | ) | Civil No. 1:16-cv-00658-LO-MSN | |
| | ) | | |
| KABOB PLACE, | ) | | |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |

## **REPORT & RECOMMENDATIONS**

This matter is before the Court on Plaintiff's Motion for Default Judgment (Dkt. No. 11). Having reviewed the record, the undersigned Magistrate Judge recommends granting the Motion in part for the reasons that follow.

### I.     Factual Background

On June 13, 2016, Plaintiff Kabob Palace, Ltd. filed a complaint for trademark infringement, pursuant to 15 U.S.C. § 1114, and unfair competition, pursuant to Virginia state law, against Defendant Kabob Place. *See* Compl. ¶ 1 (Dkt. No. 1). Plaintiff, a Virginia corporation, owns and operates Kabob Palace, an award-winning Mediterranean restaurant that opened in 1992 in Arlington, Virginia. *Id.* ¶¶ 2, 8, 12-14. Plaintiff also owns KABOB PALACE, a service mark registered on March 5, 2013, and used in connection with promoting, advertising, and offering restaurant services, including by operating the website, kabobpalaceusa.com. *Id.* ¶¶ 3-4, 15-16; Ex. 1 (Dkt. No. 1-1). Plaintiff alleges that "[t]hrough its long-term and substantial use and promotion, Kabob Palace has established substantial goodwill in its KABOB PALACE mark." Compl. ¶ 4 (Dkt. No. 1).

Defendant, a Virginia entity, operates a Mediterranean restaurant using the trade name

"Kabob Place" in Great Falls, Virginia. *Id.* ¶¶ 5, 9. Plaintiff alleges that because it used the KABOB PALACE mark first, Defendant was "aware of the Kabob Palace restaurant and its reputation when it adopted 'Kabob Place' as the tradename for its restaurant." *Id.* ¶ 18. Plaintiff also alleges that Defendant's trade name is substantially similar to its KABOB PALACE mark "in sight, sound, and commercial connotation," and that Defendant's restaurant services are substantially similar to Plaintiff's and "offered to the same class of consumers and through the same channels of trade" as Plaintiff's services. *Id.* ¶ 5. As a result, Plaintiff argues, Defendant's trade name is "likely to cause confusion, mistake and deception of the public as to the identity and origin of its goods and services" and "wrongfully trades on the goodwill that Plaintiff has built over the last 23 years." *Id.* ¶¶ 6, 22. In addition to declaratory and injunctive relief, Plaintiff seeks an award of Defendant's profits, plus treble damages, interest, and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1117. *Id.* 7.

## II. Procedural Background

Defendant was served via its registered agent, Ronald Vargas, on June 14, 2016. *See* Aff. of Service (Dkt. No. 5). On July 5, 2016, Mr. Vargas, also the alleged owner of Defendant restaurant, filed an answer *pro se* to the Complaint. *See* Dkt. No. 6. In the Answer, Mr. Vargas, who identifies himself as "Manager," claims that the name of his restaurant is "Kabob Place- Exclusively Catering and Gift" and that "[b]y mistake Fairfax County printed only the Kabob Place on their records," but that "[w]e have corrected this error and they are [i]n the process of changing it." *Id.* 1. Mr. Vargas further claims: "My prayer for relief - Our business is losing money and is in the process of closing. It cannot happen soon enough! Good luck with your 'palace,' my 'place' is not doing so well." *Id.* 3.

On September 20, 2016, Mr. Vargas filed a letter he sent to Plaintiff's counsel listing

Elizabeth Rodgers, Esq. of Tennessee as Defendant's "Physical Contact." Dkt. No. 8. Neither Ms. Rodgers nor any attorney has answered the Complaint or otherwise responded or entered an appearance on behalf of Defendant. On November 8, 2016, Plaintiff filed the instant Motion for Default Judgment pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2), and 37(c)(1),[1] "as sanctions for Kabob Palace's [sic] failure to obey this Court's discovery orders and to comply with the obligations under the Federal Rules of Civil Procedure, and for otherwise failing to participate in the prosecution and defense of this matter." Pl.'s Mem. in Supp. 1 (Dkt. No. 12). Plaintiff requests entry of default against Defendant, attorney's fees, and costs. *Id.* 6. In support of its Motion, Plaintiff filed a copy of a letter mailed via FedEx from Plaintiff's counsel to Ms. Rodgers, at the Tennessee address provided by Mr. Vargas, *see* Dkt. No. 8, informing Ms. Rodgers of Plaintiff's intent to move for default judgment and requesting a meet-and-confer. *See* Ex. 1 (Dkt. No. 12-1). According to the record, the letter was signed for by "E. ROGERS," but it does not appear that Ms. Rodgers responded to Plaintiff's counsel's letter. *See id.* 5-6. On December 9, 2016, the Court heard oral argument on Plaintiff's Motion for Default Judgment, at which time Defendant failed to appear. *See* Dkt. No. 14. Plaintiff was directed to seek entry of default from the Clerk's Office, which entered default on December 15, 2016. *See* Dkt. Nos. 15, 16. On January 6, 2017, the Court heard oral argument on the instant Motion, Defendant failed to appear once again, and the matter was taken under advisement. *See* Dkt. No. 19.

### III. Service of Process, Jurisdiction, and Venue

The docket reflects that Defendant was properly served via its registered agent. *See* Aff. of Service (Dkt. No. 5). The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121, as Plaintiff's claim arises under federal law, the

---

[1] Although Plaintiff's Motion for Default Judgment was filed pursuant to Federal Rules of Civil Procedure 16, 37, and 55, *see* Mot. 1 (Dkt. No. 11), Plaintiff's Memorandum in Support only makes references to Rules 16 and 37. *See* Dkt. No. 12.

3

Lanham Act, and from an Act of Congress regulating trademarks and unfair competition. Compl. ¶ 10. The Court has personal jurisdiction over Defendant. As stated in the Complaint, Defendant is a Virginia entity. *Id.* ¶ 9. Virginia's long-arm statute authorizes the exercise of personal jurisdiction over Defendant, and Defendant satisfies the minimum contacts test under the Due Process Clause of the Fourteenth Amendment. *See CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 (4th Cir. 2009). Defendant is a restaurant in Virginia providing restaurant services in Virginia. Compl. ¶¶ 5, 9 (Dkt. No. 1). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant is a Virginia entity and a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Virginia. *Id.*

For the foregoing reasons, the undersigned recommends a finding that Defendant was properly served with the Summons and Complaint, and that the Court has subject matter jurisdiction over this action, personal jurisdiction over Defendant, and venue in this Court is proper.

**IV.    Legal Standard**

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Traffic Names, Ltd. v. Zhenghui Yiming*, No. 14-cv-1607, 2015 WL 2238052, at *4 (E.D. Va. May 12, 2015). By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in

determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof"l Cleaning, Inc.*, No. 2:15-cv-451, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)).

Default judgment is also appropriate as a sanction against a party or its attorney who has failed to: (1) appear at, or participate in good faith in, a pretrial conference; (2) obey a pretrial order; or (3) disclose, supplement an earlier response, or admit. *See* Fed. R. Civ. P. 16(f), 37(b)(2)(A)(vi), 37(c)(1)(C). In addition to, or instead of, default judgment, the court may order payment of reasonable expenses, including attorney's fees. Fed. R. Civ. P. 37(b)(2)(C), (c)(1)(A).

**V.      Analysis**

Default judgment is appropriate pursuant to Federal Rule of Civil Procedure 55 because Defendant has failed to respond to the Complaint within the time frame set out by the federal and local civil rules. It is a long-standing principle that corporations, partnerships, associations, or any other "artificial entity" "may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (citations omitted); *see also Zamzam v. C.I.R.*, 24 F. App'x 206, 207 (4th Cir. 2002) (affirming dismissal of appeal where appellant corporation appeared *pro se*) (citing *Rowland*, 506 U.S. at 197-98). Defendant is a business entity that cannot appear *pro se*. In fact, Mr. Vargas' Answer to the Complaint includes a "Listing Agreement" indicating that "Canandaigua Corporation" is the owner of Defendant restaurant, whose trade name is "Exclusively Catering and Gifts." Answer 8 (Dkt. No. 6). Accordingly, Mr. Vargas' purported answer (Dkt. No. 6) on behalf of Defendant is deficient. Defendant has not answered or otherwise responded to the Complaint,

and the Clerk has entered default against Defendant. *See* Dkt. No. 16. Default judgment is therefore appropriate pursuant to Federal Rule of Civil Procedure 55, which permits the court to grant default judgment upon motion by a party. *See Doe v. Howard*, No. 11-cv-1105, 2012 WL 3834930, at *1 (E.D. Va. Aug. 7, 2012), *report and recommendation adopted,* No. 11-cv-1105, 2012 WL 3834929 (E.D. Va. Sept. 4, 2012) (entering default judgment pursuant to Rule 55 against defendant individual who failed to answer, but entering default judgment pursuant to Rule 37 against defendant individual who filed an answer and motions to dismiss but violated discovery orders).[2]

Having examined the record, the Magistrate Judge finds that the well-pled allegations of fact contained in the Complaint and supported by Plaintiff's Memorandum of Law and exhibit in support of default judgment establish that Defendant infringed on Plaintiff's KABOB PALACE mark, resulting in unfair competition. *See Glaser v. Hagen*, No. 14-cv-1726, 2016 WL 521454, at *2 (E.D. Va. Feb. 5, 2016) ("Because this civil action is in default, the allegations in the complaint must be accepted as true.") (quoting Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *GlobalSantaFeCorp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim.")).

In the instant case, Plaintiff's allegations in the Complaint establish, among other facts, that Defendant knowingly, and without Plaintiff's consent, used "Kabob Place" in connection with promoting its Mediterranean restaurant, and that such use was likely to cause confusion, mistake, or deception to the public as to Plaintiff's preexisting registered mark, KABOB

---

[2] In *Doe v. Howard*, the plaintiff filed a motion for default judgment against the defendant who did not answer pursuant to Federal Rule of Civil Procedure 55.

PALACE, also used in connection with Mediterranean restaurant services. *See* 15 U.S.C. § 1114(1)(a) (listing the elements to state a claim for trademark infringement). These allegations, and the reasonable conclusions that follow, are sufficient to state a claim for trademark infringement and unfair competition. *See Glaser*, 2016 WL 521454, at *2; *see also Lamparello v. Falwell*, 420 F.3d 309, 312 n.1 (4th Cir. 2005) (noting that common law unfair competition under Virginia law addresses the likelihood of confusion as to the source of the goods or services involved) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.,* 43 F.3d 922, 930 n.10 (4th Cir.1995)). Plaintiff is therefore entitled to default judgment in its favor and damages as detailed below.

### A. Declaratory & Injunctive Relief

Plaintiff asks for, and is entitled to: "1. A declaration that Defendant's trade name is confusingly similar to and infringes Plaintiff's mark; 2. A declaration that Defendant's use of its confusingly similar trade name constitutes unfair competition; 3. A declaration that Defendant's infringement is willful; 4. A declaration that this case is exceptional; [and] 5. An order enjoining Defendant from continued use of its trade name or any other trade name, trademark or service mark that is confusingly similar to Plaintiff's mark." Compl. 7 (Dkt. No. 1).

### B. Profits, Treble Damages, Interest, Attorney's Fees & Costs

Plaintiff asks for, and the Lanham Act awards to the prevailing party, profits, treble damages, interest, and reasonable attorney's fees and costs. *See* Compl. 7 (Dkt. No. 1); 15 U.S.C. § 1117. However, Federal Rule of Civil Procedure 54(c) narrows the relief a plaintiff may be granted on a default judgment to the monetary amount demanded in the pleadings. "In considering the scope of Rule 54(c), the U.S. Court of Appeals for the Fourth Circuit has held that in default cases, there can be no recovery over the amount pled in the complaint, and that the

complaint must pray for a specific monetary amount." *Sheet Metal Workers' Nat. Pension Fund v. Frank Torrone & Sons, Inc.*, No. CIV.A. 04-cv-1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005); *see also id.* (citing cases); *Glaser*, 2016 WL 521454, at *1 n.1 (denying plaintiff's request for "interest paid on a home equity loan" for failure to plead a specific monetary amount). In this case, Plaintiff makes boilerplate requests for profits, treble damages, interest, attorney's fees, and costs that are less specific than the plaintiff's request in *Glaser*.[3] Compl. 7 (Dkt. No. 1). Because Plaintiff does not specify monetary amounts for profits, treble damages, interest, attorney's fees, and costs, the undersigned recommends denying Plaintiff's request for such relief. *Id.*

## VI. Recommendations

For the foregoing reasons, the undersigned recommends:

1) GRANTING Plaintiff's Motion for declaratory and injunctive relief;

and

2) DENYING Plaintiff's Motion for profits, treble damages, interest, and reasonable attorney's fees and costs.

## VII. Notice

By means of the court's electronic filing system, and by mailing a copy of this Report and Recommendations to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendations must be filed within fourteen (14) days of service on you of this Report and Recommendations. Failure to file timely objections to this Report and Recommendations waives appellate review of the substance of the Report and Recommendations and waives appellate review of a judgment based on this Report

---

[3] In *Glaser v. Hagen*, the plaintiff requested "interest paid on a home equity loan" in his complaint. However, the court ruled that the plaintiff who "did not plead the specific amount of that interest and therefore is not entitled to recover of that amount by a default judgment." No. 14-cv-1726, 2016 WL 521454, at *1 (E.D. Va. Feb. 5, 2016).

and Recommendations.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

January 31, 2017
Alexandria, Virginia